IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**KATINA VON KING,**

      **Plaintiff,**

**v.**
                                                                Civil Action No. 3:23-cv-00809

**MAYOR STEVE WILLIAMS,**
**THE CITY OF HUNTINGTON, WV,**

      **Defendants.**

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is the Plaintiff's *Application to Proceed Without Prepayment of Fees and Costs* (ECF No. 1). By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 5) Having examined the "Complaint"[1] (ECF No. 2), the undersigned concludes that this case must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) which provides that the Court shall dismiss the case of a person proceeding *in forma pauperis* at any time if the Court determines that the action fails to state a claim for which relief can be granted.[2]

---

[1] While it is the undersigned's practice to allow *pro se* litigants to amend their complaints when upon initial review, there appears no cognizable claim for relief, the undersigned has no confidence that this particular litigant will be able to comply with that directive given the scattershot of questionable, if not delusional, issues raised in the "complaint" and its attachments. Notably, the Court had previously dismissed the Plaintiff's near identical claims for lack of jurisdiction (see ECF Nos. 12, 25, 27, 34; *Katrina Von Newman King v. The City of Huntington, WV, Huntington Police Department, Steve Williams*, civil action number 3:23-cv-00216).

[2] Because the Plaintiff is proceeding *pro se*, the documents she filed in this case are held to a less stringent standard than had they been prepared by a lawyer, therefore, they are construed liberally. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972).

**FACTUAL ALLEGATIONS**

In support of her Complaint, the Plaintiff alleges federal question as the basis for this Court's jurisdiction, indicating this action concerns a "suit amount exceeding sum of state courts, color of law/negligence, civil rights" issues (ECF No. 2 at 3). The Plaintiff alleges that since moving back to Huntington, West Virginia from Morgantown, West Virginia, in July 2022, she has "been continuously stalked and harassed by city officials and first responders with intimidation tactics." (Id. at 6) The Plaintiff list numerous instances of being followed that includes ostensibly certain Huntington Police Department patrol cars, bearing numbers 220, 303, 304, 301, 217, 214, and 114, including a "white city pickup", a "black patrol SUV with POLICE written in white on the side", several firetrucks bearing numbers 14, 15, 2 (ECF No. 2-3; see also ECF No. 2-3a) as well as "some baby blue Subaru" (ECF No. 2-4, ¶ 14). The Plaintiff further indicates besides numerous instances of being followed by unidentified city vehicles, she has also had her water shut off by "WV American Water" for "no reason" in July 2023 allegedly due to some intentional conduct by the City's sanitation department (Id., ¶ 16).[3] The Plaintiff also alleges that when she went to the public library, "HPD" was there, although a library employee advised the Plaintiff the HPD has an office there (Id., ¶ 24).

The Plaintiff indicates that she has pictures of this evidence (ECF No. 2-5), and that she attempted to contact the law firm that represents the Defendants, but they refused to speak with her (ECF No. 2-6).

The Plaintiff refers to and attaches the Mediation Agreement she made with the City of Huntington and other defendants not named in this action, indicating that the aforementioned

---

[3] The Plaintiff also indicates some instances of "Frontier across street", though it is unclear how these events relate to the named Defendants or under their control or direction. (Id., ¶¶ 17, 18)

2

instances of "stalking" and "harassment" demonstrate a breach of that agreement that was reached in a previous action she filed with this Court (ECF No. 2-2; concerns civil action number 3:19-cv-00075, *Katina Von Newman v. Marshall University Police Department, et al.*). The Plaintiff also attaches this Court's Memorandum Opinion and Order entered on September 4, 2020, finding that a binding settlement had been reached in civil action number 3:19-cv-00075 (ECF No. 2-1).

For relief, the Plaintiff asks the Court to hold the Defendants in contempt for violating this Court's prior Order in civil action number 3:19-cv-00075; the Plaintiff also asks the Court to award her $100,000,000 for: breach of contract; negligence; the failure of Defendant Mayor Steve Williams to intervene; intentional infliction of emotional distress; "putting Plaintiff's life in constant danger; and "because [this sum] is what I originally asked for and I deserve it for everything I have been thru." (ECF No. 2 at 7-9)

## THE STANDARD

As noted *supra*, the Complaint is subject to pre-service screening pursuant to 28 U.S.C. § 1915. See Randolph v. Baltimore City States Atty., 2014 WL 5293708, at *2 (D. Md. Oct. 14, 2014), *aff'd*, Randolph v. New Technology, 588 Fed.Appx. 219 (4th Cir. 2014). On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327. Although the standards for screening pursuant to Section 1915A and a Rule 12(b)(6) motion may be the same, a Court should look with "a far more forgiving eye"

when examining whether a complaint rests on a meritless legal theory. Nancy v. Kelly, 912 F.2d 605, 607 (2nd Cir. 1990). A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327-328. A complaint, therefore, fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Deference is given to *pro se* Complaints. See Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) (A District Court should allow *pro se* plaintiffs reasonable opportunity to develop pleadings.); Coleman v. Peyton, 370 F.2d 603, 604 (4th Cir. 1965) (*Pro se* plaintiff should be given an opportunity to particularize potentially viable claims.). A *pro se* Complaint may therefore be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines v. Kerner, 404 U.S. 519, 521 (1972), *quoting* Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992).

Though this Court is required to liberally construe *pro se* documents and hold them to a less stringent standard than those drafted by attorneys[4], liberal construction "does not require courts to construct arguments or theories for a *pro se* plaintiff because this would place a court in the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Miller v. Jack, 2007 WL 2050409, at *3 (N.D.W. Va. 2007)(citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978)). Further, liberal construction does not require the "courts to conjure up questions never squarely presented to them." Beaudett v. City of Hampton,

---

[4] Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (1978).

775 F.2d 1274, 1278 (4th Cir. 1985). In other words, a court may not construct legal argument for a plaintiff. Small v. Endicott, 998 F.2d 411 (7th Cir.1993). Finally, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir.1990)).

## ANALYSIS

Federal Courts are courts of limited jurisdiction that are empowered to consider cases authorized by Article III of the United States Constitution and statutes enacted by Congress. Bender v. Williamsport Area School District, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986). Title 28 U.S.C. §§ 1331 and 1332 provide that the Federal Courts have jurisdiction over cases involving federal questions and diversity of citizenship. Title 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Title 28 U.S.C. § 1332 provides that the District Courts shall have original jurisdiction of all civil actions where the matter in controversy (1) exceeds the sum or value of $75,000, exclusive of interests or costs, and (2) is between citizens of different states. 28 U.S.C. § 1332(a)(1).[5]

---

[5] Title 28, U.S.C. §1332 specifically provides:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between -

  (1) citizens of different states;

  (2) citizens of a State and citizens or subjects of a foreign state;

  (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

  (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

As noted *supra*, while the Plaintiff alleges federal question as the basis for this Court's jurisdiction, she has once again filed a simple civil suit for breach of contract and again alleges harassment and stalking. As this Court just recently noted in the Plaintiff's previously filed civil action those claims do not relate to any federal law, treaty or provision of the U.S. Constitution. (See ECF No. 34, civil action number 3:23-cv-00216, *Katina Von Newman King v. The City of Huntington, WV, Huntington Police Department, Steve Williams*) Accordingly, this Court would (again) not have jurisdiction over the Plaintiff's claim pursuant to Section 1331. Additionally, as determined by this Court before, the Plaintiff's claim has no relation to Section 1332, which requires complete diversity of citizenship between the adverse parties. See Owen Equip., & Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S.Ct. 2396, 57 L.Ed.2d 274(1978). "[D]iversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff." Id.; see also, Wisconsin Dept. Of Corrections v. Schacht, 524 U.S. 381, 388, 118 S.Ct. 2047, 2052, 141 L.Ed.2d 364 (1998)("A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, i.e., only if there is no plaintiff and no defendant who are citizens of the same State."). "The statute establishing diversity jurisdiction is to be strictly construed and all doubts are to be resolved against federal jurisdiction." Frontier Energy Corp. v. Broda, 882 F. Supp. 82, 85 (N.D.W. Va. 1995). For purposes of diversity jurisdiction, an individual's citizenship has been equated to the place of domicile. See Linville v. Price, 572 F. Supp. 345 (S.D.W. Va. 1983). Again, the Plaintiff alleges that the Defendants are residents of West Virginia, like herself, and once again, this Court would be deprived of jurisdiction under Section 1332. (See ECF No. 34, civil action number 3:23-cv-00216, *Katina Von Newman King v. The City of Huntington, WV, Huntington Police Department,*

6

*Steve Williams*)

For the sake of brevity, the undersigned incorporates by reference the analyses set forth in his Proposed Findings and Recommendations ultimately adopted by this Court in case number 3:23-cv-00216 (See ECF Nos. 12, 25), which the undersigned finds is relevant to the issues raised by the Plaintiff herein. Indeed, the case *sub judice* is nothing more than mere parroting of the same claims the Plaintiff made in her prior action that was dismissed by this Court for lack of jurisdiction. On that note, the undersigned finds that the Plaintiff is attempting to resurrect claims that were already adjudicated.

The doctrines of *res judicata*, collateral estoppel and/or claim preclusion provide yet additional grounds that command dismissal of the Plaintiff's current civil action. The preclusive effects of the doctrines of *res judicata* and collateral estoppel are designed to promote judicial economy, encourage reliance on judicial decisions, and relieve parties from the expense of multiple lawsuits. See Parklane Hosiery Co. Inc. v. Shore, 439 U.S. 322, 326, 99, S.Ct. 645, 649, 58 L.Ed.2d 552 (1979); Wright & Miller, § 131.12[4][a]. "Under *res judicata*, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." Young-Henderson v. Spartanburg Area Mental Health Center, 945 F.2d 770, 773 (4th Cir. 1991)(*quoting*, Montana v. United States, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979). "The doctrine of *res judicata* encompasses two concepts: 1) claim preclusion and 2) issue preclusion, or collateral estoppel." See Orca Yachts, L.L.C. v. Mollicam, Inc., 287 F.3d 316, 318 (4th Cir. 2002)(citing In re Varat Enterprises, Inc., 81 F.3d 1310, 1315 (4th Cir. 1996)(internal citations omitted). Collateral estoppel "precludes relitigation of an issue decided previously in judicial or administrative proceedings provided the party against whom the prior decision was asserted enjoyed a full and

fair opportunity to litigate that issue in an earlier proceeding." In re McNallen, 62 F.3d 619, 624 (4th Cir. 1995).

Claim preclusion occurs when three conditions are satisfied: 1) the prior judgment was final and on the merits, and rendered by a court of competent jurisdiction in accordance with the requirements of due process; 2) the parties are identical, or in privity, in the two actions; and, 3) the claims in the second matter are based upon the same cause of action involved in the earlier proceeding. Kenny v. Quigg, 820 F.2d 665, 669 (4th Cir. 1987). The doctrine of collateral estoppel applies if the following elements are satisfied: (1) "the issue sought to be precluded is identical to one previously litigated;" (2) "that the issue was actually determined in the prior proceeding;" (3) "that the issue's determination was 'a critical and necessary part of the decision in the prior proceeding;" (4) "that the prior judgment is final and valid;" and (5) "that the party against whom collateral estoppel is asserted 'had a full and fair opportunity to litigate the issue in the previous forum." Collins v. Pond Creek Mining Co., 468 F.3d 213 (4th Cir. 2003)(citation omitted).

"The test to determine whether a cause of action is the same is 'to inquire whether the same evidence would support both actions or issues[.]' " See Harrison v. Burford, 2012 WL 2064499, at *3 (S.D.W. Va. Jun. 7, 2012)(citations omitted) It is apparent that the case *sub judice* involves the same events or offenses complained of in the prior civil action the Plaintiff filed in this Court, *supra*, and is barred by *res judicata*.

For the reasons stated herein, the undersigned respectfully recommends that the Plaintiff's Complaint be dismissed with prejudice.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Judge confirm and

accept the foregoing findings and **RECOMMENDS** that the District Judge **DENY** the Plaintiff's *Application to Proceed Without Prepayment of Fees and Costs* (ECF No. 1), **DISMISS** the Plaintiff's Complaint (ECF No. 2) and remove this matter from the Court's docket. The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 106 S.Ct. 466, 475, 88 L.E.2d 435 (1985), reh'g denied, 474 U.S. 1111, 106 S.Ct. 899, 88 L.E.2d 933 (1986); Wright v. Collins, 766 F.2d 841 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.), cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.E.2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Chambers, and this Magistrate Judge.

The Clerk of this Court is directed to file this Proposed Findings and Recommendation and to send a copy of same to the *pro se* Plaintiff.

**ENTER**: January 9, 2024.



Omar J. Aboulhosn
United States Magistrate Judge